96UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARSHA R. BEVERLY | CIVIL ACTION |
| VERSUS | |
| WAL-MART STORES, INC., ET AL | NO. 07-560-C |

## RULING ON MOTION FOR RECONSIDERATION OF JUDGMENT PURSUANT TO F.R.C.P. RULE 59 AND FOR LEAVE TO FILE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a Motion for Reconsideration (Doc. no. 11) filed by plaintiff, Marsha R. Beverly. Defendant, Wal-Mart Stores, Inc., has not filed opposition. Jurisdiction is based on diversity, 28 U.S.C.§ 1332. There is no need for oral argument.

## BACKGROUND

Plaintiff filed suit in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, naming Wal-Mart Stores, Inc and Wal-Mart Louisiana, L.L.C.. as defendants. Plaintiff seeks damages for injuries she sustained as a result of a slip and fall accident at a Wal-Mart store. Defendants had the matter removed to federal court. On March 11, 2008, defendants filed a motion for summary judgment, seeking dismissal of plaintiff claims. Plaintiff failed to file any opposition to the motion. After considering the motion, the evidence and applicable, the court found that the motion had merit, and therefore, issued a ruling, granting defendants' motion

Doc#1853

for summary judgment on April 23, 2008. On May 1, 2008, plaintiff filed this motion for reconsideration.

## DISCUSSION

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in those exact terms.[1] However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment under the Federal Rules of Civil Procedure, Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).[2] A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling[3] and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling.[4] In this case, plaintiff's motion indicates that it was served electronically on May 1, 2008, which was within the ten-day window. Therefore, Rule 59(e) governs defendants' motion.

Under Rule 59(e), the court may grant a motion for reconsideration only upon the movant's showing of: 1) an intervening change of controlling law; 2) the

---

[1] See **Lavespere v. National Niagara Mach. & Tool Works, Inc.,** 910 F.2d 167, 173 (5th Cir. 1990) (abrogated on other grounds).

[2] See **Id.**

[3] Effective December 1, 2009, the deadline for filing a Rule 59 motion was extended to twenty-eight days after entry of judgment. See Fed. R. Civ. P. 59(b). However, because the judgment and subsequent motion to reconsider were all filed prior to December 1, 2009, the old ten-day deadline is applicable.

[4] See **Lavespere,** 910 F.2d at 173.

availability of new evidence; and/or 3) the need to correct a clear and manifest error of fact or law.[5] The purpose of a motion pursuant to Rule 59 is to correct manifest errors of fact or law, or in some limited circumstances to allow the party to present newly discovered evidence.[6]

Plaintiff's motion does not satisfy any of the requirements for obtaining relief under Rule 59(e). After reviewing plaintiff's opposition to the motion for summary judgment, the court does not find any clear errors of fact or law which would preclude summary judgment. In other words, the court does not find that plaintiff has shown that there are any disputed issues of material fact. Accordingly,

IT IS ORDERED that plaintiff's Motion for Reconsideration is hereby DENIED.

Baton Rouge, Louisiana, this 24th day of September, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE   DISTRICT   OF   LOUISIANA

---

[5] See **Washington v. CSC Credit Services, Inc.,** 180 F.R.D. 309, 311 (E.D. La. 1998), rev'd and vacated on other grounds, 199 F.3d 263 (5th Cir. 2000).

[6] See **Simon v. United States,** 891 F.2d 1154, 1150 (5th Cir. 1990)(citations omitted).